IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **JOHN EDWARD HALL,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALBEMARLE COUNTY** )<br>**SCHOOL BOARD, et al.,** )<br>)<br>)<br>**Defendants.** ) | CIVIL ACTION NO. 3:20–CV–59 |

## REPORT & RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff John Edward Hall's failure to show cause why this action should not be dismissed for failure to prosecute. Dkt. 31.

The Court noticed a Rule 16 video conference in this matter on December 2, 2020. Dkt. 21. At that video conference, the court intended to address Plaintiff's motion to allow media press into the courtroom, Dkt. 12, and motion for lawyer representation, Dkt. 16, and Defendants' motion to stay the pretrial order, Dkt. 19. The Court also intended to discuss scheduling and have the parties participate in pretrial planning. The notice was entered on the public docket and was mailed to the Plaintiff via U.S. Mail. Dkt. 21. Plaintiff was additionally mailed login information for the video conference. The Plaintiff did not appear at the Rule 16 conference. Dkt. 23. The Plaintiff did not reach out to the Court to indicate he was unavailable or that he did not have the technology to participate in the video conference.

On January 6, 2021, the Court ordered Plaintiff to show cause why his action should not be dismissed for failure to prosecute, and he was ordered to attend a show cause video

conference hearing on January 25, 2021. Dkt. 25. He then requested the show cause video conference hearing be rescheduled. Upon Plaintiff's request, the show cause hearing was rescheduled for January 27, 2021. Dkt. 28. A notice rescheduling the hearing for January 27, 2021 was entered on the public docket and was mailed to the Plaintiff via U.S. Mail. Dkt. 28. Plaintiff was additionally mailed login information for the video conference which would allow the Plaintiff to participate either by video or by telephone. The Plaintiff did not appear at the show cause hearing and he did not reach out to the Court on the day of the video conference hearing. Dkts. 29, 30. On January 28, 2021, Plaintiff contacted the Court and stated that he was available at the time of the hearing and he monitored his computer at the time of the hearing. He also requested information regarding the scheduling of another hearing. Dkt. 31–1. On January 29, 2021, the Court ordered Plaintiff to show cause why his action should not be dismissed for failure to prosecute and noticed a second show cause video conference hearing for February 17, 2021. Dkt. 31, 33. The notice was entered on the public docket and was mailed to the Plaintiff via U.S. Mail. Dkt. 33. The Plaintiff was additionally mailed login information for the video conference and was instructed, both in the show cause order and in the mailed instructions, that it was his obligation to login and join the video conference proceedings. Dkt. 31. The mailed instructions also included the Court's phone number, indicating that he should call if he had difficulty joining the conference. The Plaintiff did not appear at the second show cause hearing and he did not reach out to the court before the hearing or at any time prior to the docketing of this Report & Recommendation to indicate he was unavailable or otherwise was unable to join the video conference.

    "A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) provides an explicit basis for this sanction." U.S. ex rel. Curnin v. Bald Head

Island Ltd., 381 Fed. App'x 286, 287 (4th Cir. 2010) (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). The Fourth Circuit has instructed that courts consider "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and, (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990). These factors are not rigid, and a court must make a determination on the propriety of a Rule 41(b) dismissal based on the particular circumstances of the case. Burton v. Dabiri, No. 13–2371, 2015 WL 13215518, at *5 (D. Md. Dec. 18, 2015).

Here, the Plaintiff is proceeding *pro se*, so he is entirely responsible for his actions. See Green v. James, No. 4:09–1909, 2010 WL 1257488, at *1 (D.S.C. Feb. 22, 2010). The Court has now provided Plaintiff with two opportunities to show cause why he did not attend the Rule 16 conference and that he intends to dutifully prosecute his case. Dkt. 25, 31. The Plaintiff was specifically warned of the consequence of involuntary dismissal if he failed to comply with the Court's order. Dkts. 25, 31. Moreover, there do not appear to be sanctions less drastic than dismissal that would be effective in securing Plaintiff's compliance.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for his failure to prosecute and failure to comply with this Court's orders.

The Clerk is directed to transmit the record in this case to Norman K. Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: February 22, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge