UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN EDWARD HALL,<br><br>         *Plaintiff*,<br><br>v.<br><br>ALBEMARLE COUNTY SCHOOL BOARD<br>and MATT HAAS, SUPERINTENDENT,<br><br>         *Defendants*. | Case No. 3:20-cv-00059<br><br>MEMORANDUM OPINION<br><br>Judge Norman K. Moon |

  This matter is before the Court on the Report & Recommendation of United States Magistrate Judge Robert S. Ballou, who recommended that this action be dismissed *with prejudice* for Plaintiff's failure to comply with this Court's orders. Dkt. 36 ("R&R"). This matter is also before the Court on Plaintiff's objection thereto, Dkt. 37, as well as Defendants' response to the Plaintiff's objection, Dkt. 38.

  The Court conducts a de novo review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

  "[I]t is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court." *McMullen v. Peachtree Ctr.*, No. 7:21-CV-1401-TMC, 2021 WL 3910004, at *2 (D.S.C. Sept. 1, 2021) (citing *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019)). In addition to the Court's "inherent authority" to dismiss cases *sua sponte* for lack of prosecution, "this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b)." *Id.* (citing *Attkisson*, 925 F.3d at 625). In considering whether to dismiss an action pursuant to Rule 41(b),

the Court considers four factors: (1) "The degree of personal responsibility on the part of the plaintiff;" (2) "the amount of prejudice to the defendant caused by the delay;" (3) "the [plaintiff's history of] proceeding in a dilatory fashion;" and (4) "the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citation and internal quotation marks omitted). These factors guide the Court's consideration of all the circumstances of the particular case. Notably, a Magistrate Judge's "explicit warning that a recommendation of dismissal would result from failure to obey his order" has been considered an important factor supporting dismissal. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). To be sure, "[p]ro se litigants are entitled to some deference from the courts," *id.* at 96 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), "[b]ut they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible," *id.* at 96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As reflected in the R&R, on December 2, 2020, the Court noticed a Rule 16 video conference, to be held on December 23, 2020. Dkt. 36 at 1; Dkt. 21. At that conference, the Magistrate Judge intended to take up numerous pretrial matters, scheduling and Plaintiff's various then-pending motions. The notice was publicly docketed, and a notice was mailed to the Plaintiff by U.S. Mail. Dkt. 21. Plaintiff did not appear for the conference, as scheduled. Dkt. 23. And, as stated in the R&R, Plaintiff did not reach out to the Court to indicate he was unavailable or that he did not have the technology to participate in the videoconference. Dkt. 36 at 1. In his objections to the R&R, Plaintiff has not offered any specific explanation for his failure to appear at the Rule 16 conference. Dkt. 37.

On January 6, 2021, the Magistrate Judge issued an Order to Show Cause to Plaintiff for his failure to appear at the Rule 16 conference. Dkt. 25. Therein, the Magistrate Judge scheduled the show cause hearing for January 25, 2021 at 1:00 p.m., and further explained that login

instructions would be mailed to Plaintiff as well. The Magistrate Judge also wrote that "Plaintiff is admonished that failure to comply with this order may result in this action being dismissed without further notice." *Id.* This Show Cause Order and the videoconference hearing notice and instructions were mailed to Plaintiff by U.S. Mail at his address of record. Dkts. 25, 27.

Plaintiff requested in an email communication with the Court that the show cause video conference hearing be rescheduled because he could not attend on January 25, 2021; upon his request, the Court rescheduled the show cause hearing until January 27, 2021 at 1:00 p.m. *See* Dkt. 31-1. Moreover, the Court directly responded by email to Plaintiff (and Defendants) on January 11, 2021, confirming that his hearing was so rescheduled until January 27, 2021. *See* Dkt. 31 n.1; Dkt. 31-1 at 2. Also, on January 11, 2021, notice of the rescheduled show cause hearing was further entered on the public docket, and a notice mailed by U.S. Mail to Plaintiff's address of record. Dkt. 28.

Nonetheless, without any prior communication with the Court, Plaintiff failed to appear at his show cause hearing on January 27, 2021. *See* Dkts. 29, 31. On January 29, 2021, the Magistrate Judge issued another Show Cause Order to Plaintiff, ordering that he attend a show cause videoconference hearing on February 17, 2021 at 1:00 p.m., to show cause "why this action should not be dismissed for failure to prosecute." Dkt. 31 at 1–2. The Court noted that Plaintiff had contacted the Court on January 28, 2021 (the day after he failed to appear at his first show cause hearing), in which Plaintiff stated that he was available and at his computer at the time of the hearing and requested information about scheduling another hearing. *Id.* at 2. The Order also noted that login instructions would be sent to Plaintiff at his mailing address of record for the second show cause hearing on February 17. *Id.* The Magistrate Judge further wrote "Plaintiff is admonished that it is his obligation to login and join the videoconference proceedings," and that "Plaintiff's failure to comply with this order may result in this action

3

being dismissed without further notice." *Id.* at 2. The second Show Cause Order was also publicly docketed on January 29, 2021 as was the notice of videoconference hearing, and both were mailed to Plaintiff at his address of record. Dkts. 31, 33. Notice of the second show cause hearing was also emailed to Plaintiff. Dkt. 34.

Without prior notice or explanation to the Court, Plaintiff failed to appear at his second show cause hearing on February 17, 2021 at 1:00 p.m. Dkt. 34; Dkt. 36 at 2. The Magistrate Judge issued the R&R on February 22, 2021, recommending that this action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders. Dkt. 36 at 3.

Plaintiff timely objected to the R&R in which he stated that he still wished to pursue his case. Dkt. 37. He wrote generally to explain his failure to prosecute that "[m]ail is delayed" from the Court, and that he had "been unable to join videoconference in the past because either my computer was not working or mail arrived on the same day as the video conference was held February 17, 2021, and I was not home to receive it until evening." *Id.* Plaintiff also wrote that he had only received the mail containing the R&R on March 1.

Upon the Court's de novo review of those portions of the R&R to which Plaintiff has objected, the Court finds the relevant Rule 41(b) factors cited above weigh in favor of dismissal. To be sure, Plaintiff is proceeding *pro se* and "[p]ro se litigants are entitled to some deference from the courts," *Ballard*, 882 F.2d at 96 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), however, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible," *id.* at 96. Plaintiff bears personal responsibility for these failures. *Pro se* litigants have a duty to stay abreast of the filings in the case mailed to them in their case and to appear at noticed court hearings. The record reflects that the Court made repeated, substantial attempts to afford Plaintiff

every opportunity to participate in the case and to explain his prior failures to participate. Indeed, Plaintiff still has not provided any specific explanation for his original failure to appear at the Rule 16 conference, which was the original matter which prompted the Magistrate Judge to issue the first Show Cause Order. Moreover, the Magistrate Judge rescheduled the first show cause hearing upon Plaintiff's request, and the Court specifically confirmed that fact to him by email weeks before the hearing. Further still, the Magistrate Judge issued two separate Show Cause Orders and scheduled two show cause hearings (Plaintiff failed to appear each time, though the Defense appeared at both) before the Magistrate Judge issued the R&R recommending dismissal for failure to prosecute.

Plaintiff's argument about delayed mail is unpersuasive and not responsive to his failures to participate in his case. The docket reflects that every order and notice was promptly mailed to Plaintiff by U.S. Mail. *See* Dkts. 21, 25, 27, 28, 31, 33, 36. While Plaintiff generally complained that "mail is delayed from the US District Court," in his objections Plaintiff has not asserted that he did not timely receive notice by mail of his Rule 16 conference held on December 23, 2020 (at which he failed to appear); nor has Plaintiff argued he did not timely receive the notice and instructions by mail of his first show cause hearing (January 27, 2021). In any event, the record plainly reflects that Plaintiff received notice *by email* of the date and time of his first show cause hearing, in his correspondence with the Court. Dkt. 31-1. Nor does Plaintiff does not contend that the notice by mail of his second show cause hearing was not timely delivered. Instead, Plaintiff argued only that "[he] was not home to receive" the mail about the second show cause hearing until the evening of February 17, 2021. Dkt. 37.[1] And in any event, the record further reflects that Plaintiff also received notice by *email* of the second show cause hearing on February

---

[1] While Plaintiff also argues that the court mail containing the R&R was delayed, there is no dispute that Plaintiff timely objected to it, again by *email*. Dkt. 37.

5

17, 2021. Dkt. 34. At bottom, even accepting Plaintiff's assertions, delayed mail simply does not account for any of his failures to participate in the Rule 16 conference or either of his two show cause hearings.

Plaintiff also generally contended that he was "unable to join video conferences in the past" because his "computer was not working." Dkt. 37. To be sure, Plaintiff did write that he was "at [his] computer" before and after the scheduled time of his first show cause hearing. Dkt. 31-1 at 1. Of course, it is the responsibility of every litigant including *pro se* litigants to follow the Court's instructions for participation in videoconferences, and to take any necessary steps to check that they will be able to participate at the time of the scheduled conference. But even assuming that Plaintiff's computer unexpectedly was not working at this time through no fault of his own (and it is far from clear that is what happened, Dkts. 31-1, 37), the Magistrate Judge afforded Plaintiff yet another opportunity to appear a second show cause hearing and Plaintiff failed to participate in that hearing as well.

The first and third factors, concerning "the degree of personal responsibility" by plaintiff and his history of proceeding "in a dilatory fashion," weigh in favor of dismissal, for the reasons set forth above. As to the fourth factor, lesser sanctions than dismissal would not appear to be effective, especially considering that Plaintiff was specifically warned in both show cause orders of the consequences of involuntary dismissal if he failed to comply with the court's order, and he failed to even heed those warnings. Dkts. 25, 31. The Court also finds that the second factor also weighs in Defendants' favor. Defendants did suffer prejudice caused by the delay, including preparing for, participating and attending a Rule 16 conference and two show cause hearings for Plaintiff over a span of months in which Plaintiff failed to participate.

A separate Order will issue adopting the R&R in full (Dkt. 36), overruling Plaintiff's objections thereto (Dkt. 37) and dismissing the case *with prejudice* for failure to prosecute and to comply with Court orders.

The Clerk of Court is directed to send a certified copy of this Order to the parties.

ENTERED this 28th day of September, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE